Tonia Ouellette Klausner
Jason B. Mollick
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7700
Facsimile: (212) 999-5899

*Counsel for CompStak, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC.,<br><br>                Plaintiff,<br><br>     v.<br><br>JOHN DOES 1-X,<br><br>                Defendants. | Case No. 14 Civ. 2304 (AKH)<br><br>ECF CASE |

**NON-PARTY COMPSTAK INC.'S**
**<u>MEMORANDUM OF LAW REGARDING STANDING</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

BACKGROUND ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 4

      A.     CompStak Has Standing to Contest the Propriety and Scope of a Discovery Order Issued Directly Against It .............................................. 4

      B.     The Propriety and Scope of the Discovery Order Remain Open Issues That Merit Consideration By the Court .................................................... 9

CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

                                                                                                    **Page(s)**

*A&R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*,
    No. 3:07CV929 (WWE),
    2013 U.S. Dist. LEXIS 167800 (D. Conn. Nov. 26, 2013) .................................................. 6

*Bloom v. Federal Deposit Ins. Corp.*,
    738 F.3d 58 (2d Cir. 2013) ...................................................................................................... 5

*Costello v. Poisella*,
    291 F.R.D. 224 (N.D. Ill. 2013) ................................................................................................ 4

*Digital Sin, Inc. v. Doe*,
    No. 12 Civ. 3873 (JMF),
    2012 U.S. Dist. LEXIS 78832 (S.D.N.Y. June 6, 2012) ................................................... 6, 7

*Doe v. Individuals*,
    561 F. Supp. 2d 249 (D. Conn. 2008) ................................................................................... 10

*Fein v. Numex Corp.*,
    92 F.R.D. 94 (S.D.N.Y. 1981) ................................................................................................. 5

*Grace v. Bank Leumi Trust Co.*,
    443 F.3d 180 (2d Cir. 2006) .................................................................................................... 5

*Graham v. James*,
    144 F.3d 229 (2d Cir. 1998) .................................................................................................... 8

*John Wiley & Sons, Inc. v. Doe*,
    284 F.R.D. 185 (S.D.N.Y. 2012) .......................................................................................... 10

*Lehman v. Kornblau*,
    206 F.R.D. 345 (E.D.N.Y. 2001) ............................................................................................ 7

*Martin-Trigona v. Shiff*,
    702 F.2d 380 (2d Cir. 1983) .................................................................................................... 5

*Media Prods., Inc. v. Doe*,
    No. 12 Civ. 3719 (HB),
    2012 U.S. Dist. LEXIS 84111 (S.D.N.Y. June 12, 2012) ...................................................... 6

*Next Phase Distrib., Inc. v. John Does 1-27*,
    284 F.R.D. 165 (S.D.N.Y. 2012) ............................................................................................ 7

*Pearson Education, Inc. v. Doe*,
    No. 12 Civ. 4786 (BSJ)(KNF),
    2012 WL 4832816 (S.D.N.Y. Oct. 1, 2012) ..................................................................... 7, 12

*Sandals Resorts Int'l Ltd. v. Google, Inc.*,
    925 N.Y.S.2d 407 (1st Dept. 2011) ......................................................................................... 8

*Sony Music Entm't Inc. v. Does 1-40,*
    326 F. Supp. 2d 556 (S.D.N.Y. 2004) ......................................................................... 9, 10

*United States v. Coppa,*
    267 F.3d 132 (2d Cir. 2001) ............................................................................................ 11

*West v. Radio-Keith-Orpheum Corp.,*
    70 F.2d 621 (2d Cir. 1934) ............................................................................................... 5

**Rules**

Fed. R. Civ. P. 24 ...................................................................................................................... 4

Fed. R. Civ. P. 26 ................................................................................................................. 4, 5

Fed. R. Civ. P. 45 ................................................................................................................. 4, 6

N.Y. C.P.L.R. § 3102 ................................................................................................................. 8

Non-party CompStak, Inc. ("CompStak") respectfully submits this memorandum of law regarding its standing in this matter pursuant to the Court's April 21, 2014 order directing CompStak to file such a brief. (Dkt. No. 17).

## PRELIMINARY STATEMENT

CompStak has standing to contest the propriety of expedited discovery in this matter because it is subject to and thereby directly affected by an order issued by this Court on April 11, 2014 (the "Discovery Order") compelling it to provide non-public information regarding its customers to Plaintiff CoStar Realty Information, Inc. ("CoStar"), a competitor of CompStak. CompStak and CoStar continue to dispute both the scope and proprietary of the Discovery Order. Although CompStak has already provided certain information to Plaintiff, CoStar maintains that CompStak has not done enough and has failed to comply with its discovery obligations. CompStak disagrees, and further maintains that CoStar obtained the Discovery Order improperly by failing to fully apprise the Court of all material facts that would have enabled the Court to make a fully-informed decision on CoStar's motion for expedited discovery, and that therefore the Court should reconsider entry of the Discovery Order and preclude CoStar from making any use of the information CompStak produced.

For these reasons and as further explained herein, there is no doubt that CompStak has standing in this matter to address the propriety and scope of the Discovery Order, as does any third-party subject to a court-issued discovery order or subpoena.

## BACKGROUND

On April 1, 2014, CoStar filed a Complaint against anonymous users of CompStak's service, alleging that the Doe Defendants engaged in copyright infringement and breach of contract by copying proprietary data from CoStar's database and providing that information to

CompStak.  (Dkt. No. 2).  Shortly thereafter CoStar filed an *ex parte* motion for leave to take expedited discovery from CompStak for the "sole purpose" of obtaining the names of the Doe Defendants.  (Dkt. No. 6) ("The sole purpose of the discovery is to uncover the true names and identities of the John Doe Defendants in this action.").

A hearing regarding CoStar's motion was held on Friday, April 11, which CompStak attended at the Court's request.  At the hearing, the Court recognized that input from CompStak was necessary because, in effect, "CompStak was the target of this civil proceeding . . ." Hearing Tr. (Apr. 11, 2014) at 2:22-3:7 (Dkt. No. 9).  That evening, the Court issued the Discovery Order providing in pertinent part:  "For the reasons stated on the record, I order CompStak to produce the names and addresses of the parties related to the five instances of alleged infringement identified in Exhibit B of plaintiff's complaint by Friday at noon on April 18, 2014.  Plaintiff may amend the complaint, within ten days thereafter, substituting individual names for the John Doe's.  Plaintiff's motion in all other respects is denied."  (Dkt. No. 8).

Early the next week, CompStak notified its customers whose names and addresses were to be produced pursuant to the Discovery Order about the Complaint, and each one of them adamantly denied having provided CompStak with the information from CoStar, as alleged in the Complaint, and stated that instead the information provided to CompStak came from independent sources.  CompStak also learned of an August 2012 Federal Trade Commission ("FTC") Consent Order that, among other things, prohibits CoStar from taking judicial action against its customers who provide independently-obtained information to CoStar's competitors.  Accordingly, because the Court had not considered this newly obtained information when it issued the Discovery Order, CompStak filed a motion on Thursday, April 17 for the Court to reconsider the Discovery Order and to stay it pending reconsideration.  (Dkt. Nos. 11-12).  In

support of its motion CompStak submitted signed affidavits from three of the four Doe Defendants swearing that they lawfully obtained the subject data from third-party sources (Dkt. Nos. 14-16), as well as additional evidence showing that the square footage information that CoStar alleges could only have come directly from its service in violation of its terms of use, is actually widely available in public sources used throughout the commercial real estate ("CRE") industry (Mandel Decl. (Dkt. No. 13) ¶¶ 6-7 and Exs. 1-2).  CompStak also expressed serious concerns that CoStar's effort to learn the names of its customers and sue them based on meritless claims is actually an attempt to intimidate and discourage CRE agents and brokers from using CompStak, and could cause serious competitive injury to CompStak.  *Id.* ¶ 9.

   Having received no response to its motion to stay the Discovery Order in advance of its deadline at noon on April 18, and to avoid potential contempt sanctions for failure to comply with a court order, CompStak complied with the Discovery Order by providing CoStar's counsel with the names of the Doe Defendants related to the five instances of alleged infringement identified in Exhibit B of CoStar's Complaint.  *See* Exhibit A attached hereto.[1]  Because CompStak does not possess physical addresses for the Doe Defendants, in a show of good faith it also produced the Does' email addresses, which reflect the brokers for whom they work, thereby enabling identification of the appropriate people and their locations.  Despite the fact that the Discovery Order requires production of only "names and addresses," Counsel for CoStar immediately claimed that CompStak failed to fully comply with the Discovery Order by not also producing (i) the Comp ID numbers corresponding to the information provided by each

---

[1]   The names and email addresses provided by CompStak's counsel have been redacted from Exhibits A through C in order to protect the confidentiality of CompStak's members.

CompStak user and (ii) the Doe Defendants' CompStak User ID numbers.[2] *See* Exhibit B. Although CompStak believed it had already complied with the Discovery Order, it agreed to reproduce the names and email addresses together with the corresponding Comp IDs so as to enable CoStar to relate each Doe Defendant to the specific infringement allegations. *See* Exhibit C. However, because it believes it is under no obligation to produce the Doe Defendants' CompStak User ID numbers, and that such information can be obtained directly from the Defendants in discovery should the case proceed, CompStak refused to produce such additional information. Thus, there is still an active controversy regarding the scope of the Discovery Order, and whether CoStar is entitled to any additional discovery before it has even served its Complaint and the Doe Defendants provided an opportunity to appear.

## ARGUMENT

### A.  CompStak Has Standing to Contest the Propriety and Scope of a Discovery Order Issued Directly Against It

Courts routinely find that nonparties have standing to challenge court orders and judgments in a variety of circumstances, such as where the nonparty is subject to a Rule 45 subpoena or other discovery obligation, may soon be named as a party to the proceeding, has been invited by the court to appear, is bound by an order or judgment, or otherwise has interests that are affected by a court order. *Costello v. Poisella*, 291 F.R.D. 224, 228-30 (N.D. Ill. 2013) (nonparty subject to document subpoena need not intervene under Rule 24 to be heard, because nonparty was a person "from whom discovery is requested" pursuant to Rule 26, which allows such parties to seek protection from the requested disclosure); *Fein v. Numex Corp.*, 92 F.R.D.

---

[2] The "User ID" is each Doe Defendant's unique numerical identifier on the CompStak database. The "Comp ID" is each lease transaction's unique numerical identifier. For instance, each transaction listed in Exhibits A and B to CoStar's Complaint contains a Comp ID.

94, 96 (S.D.N.Y. 1981) (allowing nonparty to oppose discovery subpoena issued against it because Rule 26(b) makes no distinction between parties and nonparties; moreover, the nonparty should be heard because it may later be named as a defendant in the action); *West v. Radio-Keith-Orpheum Corp.*, 70 F.2d 621, 624 (2d Cir. 1934) (nonparty creditor had standing to appeal proposed order regarding receivership where creditors "were brought in in invitum" to the proceeding); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("Because the trustees participated in the proceedings below and because their interests were affected by the district court's order, we find that the trustees have standing to bring this appeal."); *Bloom v. Fed. Deposit Ins. Corp.*, 738 F.3d 58, 62 (2d Cir. 2013) ("First, a nonparty may appeal a judgment by which it is bound…. Second, a nonparty may appeal if it has an interest affected by the judgment.") (internal marks and citations omitted); *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 188 (2d Cir. 2006) (nonparties that are "sufficiently connected and identified with" a judgment, order, or proceeding have standing to bring a motion for relief from that judgment, order, or proceeding under Rule 60(b)).

That is the case here in every respect. The Discovery Order is directed expressly at CompStak, which appeared before the Court at the Court's request at the hearing that led to issuance of the Order. As such, CompStak has been forced to incur legal expenses and is otherwise directly affected by the Discovery Order, which is likely to competitively harm CompStak by intimidating customers from using its service. As such, there can be no real dispute that it has a sufficient interest in the propriety of the Order's issuance and the scope of the Order (which CoStar has challenged), for CompStak to have standing to address it. Indeed, it would make no sense for CompStak to have standing to challenge the propriety of the Discovery

Order on appeal, but be found to lack a sufficient interest to seek immediate reconsideration of the same Order from the Court that issued it.

The standard procedure for obtaining discovery from a nonparty is to serve the nonparty with a Rule 45 subpoena. Once served with a subpoena, the federal rules make clear that the nonparty has standing to challenge it by serving objections or filing a motion to quash. Fed. R. Civ. P. 45(d)(3). CoStar's motion for expedited discovery sought to serve a nonparty subpoena on CompStak pursuant to Rule 45, and had the Court granted the motion and permitted CoStar to serve such a subpoena, there is no question that CompStak could have invoked this procedure. Numerous courts in this District explicitly acknowledge this standing in granting similar motions for expedited discovery of the names of John Doe defendants from non-party Internet service providers ("ISPs"). *See, e.g., Digital Sin, Inc. v. Doe*, No. 12 Civ. 3873 (JMF), 2012 U.S. Dist. LEXIS 78832, at *13-15 (S.D.N.Y. June 6, 2012) (granting leave to serve nonparty subpoenas on ISPs to reveal identities of John Doe Internet users, provided that ISPs and users have an opportunity to file motions to quash or modify the subpoena pursuant to Rule 45); *Media Prods., Inc. v. Doe*, No. 12 Civ. 3719 (HB), 2012 U.S. Dist. LEXIS 84111, at *7-8 (S.D.N.Y. June 12, 2012) (same); *cf. A&R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, No. 3:07CV929 (WWE), 2013 U.S. Dist. LEXIS 167800, at *12 (D. Conn. Nov. 26, 2013) ("Should any of the third-parties object to the subpoenas, they are of course free to file a motion for protective order and/or motion to quash."). Here the Court expedited CoStar's request to obtain nonparty discovery from CompStak by eliminating the need for a subpoena and directly ordering CompStak to produce the requested information. But there is no reason for the Court's pragmatic approach to deprive CompStak of the opportunity it otherwise would have had to

challenge an Order (the effective equivalent of a subpoena under the circumstances) that it produce non-public information from its files.[3]

To the extent the Court is asking why is it appropriate for CompStak – which is not a defendant in this litigation and is not seeking to intervene at this time – to raise with the Court serious questions regarding the lack of merit to CoStar's claims, and how the commencement of this action violates the 2012 FTC Consent Decree, the answer is that federal courts require a heightened showing of good cause in order for plaintiffs to seek expedited discovery of the names of Doe defendants from third parties. *Pearson Educ., Inc. v. Doe*, No. 12 Civ. 4786 (BSJ)(KNF), 2012 WL 4832816, at *2 (S.D.N.Y. Oct. 1, 2012) ("Heightened scrutiny applies in reviewing an *ex parte* application."). This includes making a *prima facie* showing of a viable claim against the Doe defendants, as well as reasonable efforts to identify the Does, before permitting the requested departure from the Federal Rules. *See, e.g, Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 165, 171-72 (S.D.N.Y. 2012) (finding good cause for *ex parte* expedited discovery to identify defendants where the plaintiff alleged a *prima facie* case of copyright infringement); *Digital Sin*, 2012 U.S. Dist. LEXIS 78832, at *10-12 (expedited discovery warranted to ascertain defendants' identities where plaintiff alleged a *prima facie* case of copyright and contributory infringement); *Pearson*, 2012 WL 4832816, at *3-4 (denying request for expedited *ex parte* discovery where complaint reflected serious deficiencies and motion failed to demonstrate that plaintiffs exhausted traditional avenues for identifying

---

[3] To the extent CoStar argues that CompStak lacks standing to address the Court's Order because no subpoena was served, acceptance of such argument would mean that the Order itself was a nullity because CompStak had not been properly compelled with process to provide discovery in the first place. *See Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001) ("Discovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45, not the rules governing discovery of parties.").

defendants). Because CompStak is directly affected by any order requiring it to produce confidential information about its members, it is appropriate for CompStak to raise the significant deficiencies in CoStar's claims and its violation of the FTC's Order.[4] Indeed, when CompStak learned of CoStar's *ex parte* Motion, it began exploring a motion to intervene or file an amicus brief for the sole purpose of opposing CoStar's request.[5] Unfortunately, because it was not given notice of the April 11 hearing until after hours the night before, and the Court entered the Discovery Order the day of the hearing, it was never afforded the opportunity to submit any such papers before the Court ruled. Now that the Court has entered the Discovery Order directly against CompStak, CompStak has standing to challenge it, and there is no reason to preclude CompStak from doing so in the form of a Motion for Reconsideration.

Moreover, as the Court noted at the April 11 hearing, "CompStak was the target of this civil proceeding and it would perhaps be an unfair advantage to give *ex parte* discovery if

---

[4] In addition to the lack of merit to CoStar's claims, this Court lacks federal subject matter jurisdiction because, as CoStar's counsel conceded, the Doe Defendants were licensed to access and copy the copyrighted photos by virtue of being granted access to CoStar's database. The covenant CoStar alleges was breached was not one governing use of the copyrighted material itself, but rather a covenant about use of other information that is merely appurtenant to the scope of the license grant. If CoStar had any claim here at all (and it does not) it would be one for breach of a license agreement, not for copyright infringement. *See, e.g., Graham v. James*, 144 F.3d 229, 236-38 (2d Cir. 1998). Moreover, although the Complaint also alleges diversity jurisdiction, there is no basis for CoStar to assert that any of the Doe Defendants reside in New York because the listings and agencies involved in the Complaint are all located in Washington, DC. Additionally, without a federal copyright claim, there is no basis for CoStar to allege damages in excess of $75,000 for the simple breach of terms of use asserted (the alleged provision of square footage information for five listings to a competitor).

[5] Had CoStar pursued pre-action discovery in New York state court in order to identify the Doe Defendants, CompStak would have been the named respondent in the proceeding and afforded the opportunity to file opposition papers. N.Y. C.P.L.R. § 3102; *see, e.g., Sandals Resorts Int'l Ltd. v. Google, Inc.*, 925 N.Y.S.2d 407 (1st Dept. 2011) (affirming denial of petition for identifying user information opposed by respondent on ground that petitioner failed to demonstrate it had a meritorious cause of action). CoStar avoided this procedure only because it included a baseless federal copyright claim in its Complaint.

CompStak was indeed a potential party." Hearing Tr. (Apr. 11, 2014) at 2:22-3:7 (Dkt. No. 9). Even if CompStak is not ultimately named as a party in this matter, its business is still the primary "target" of CoStar's motion, and it stands to suffer a concrete injury in fact based on CoStar's frivolous litigation against CompStak users, thereby providing it with standing. As explained in CompStak's Motion for Reconsideration and in the accompanying Declaration of CompStak CEO Michael Mandel, disclosing the names of CompStak's law-abiding customers to CoStar, and allowing it to publicly pursue claims against those users, could cripple CompStak's growing yet fledgling business. CompStak's users will fear that the mere use of its system would risk litigation and public denouncement by CoStar, regardless of how meritless the accusations. This is precisely the sort of anticompetitive behavior that the FTC Consent Order was issued to prevent, and precisely why CompStak has a concrete interest sufficient to provide standing to defend itself against CoStar's tactics.

      **B.    The Propriety and Scope of the Discovery Order Remain Open Issues That Merit Consideration By the Court**

As explained above, CompStak provided CoStar the names and email addresses of the John Doe Defendants on April 18 because it was subject to the Discovery Order which required it to do so on that day, and its motion to stay and for reconsideration had not yet been addressed by the Court. However, the issues raised by CompStak in its Motion for Reconsideration, as well as the scope of the Discovery Order, are still very much in controversy.

*Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004) is analogous. There, the plaintiffs were given leave to serve a non-party subpoena on Cablevision to identify certain of its users who allegedly violated plaintiffs' copyrights. The court granted plaintiffs' *ex parte* application to serve a Rule 45 subpoena on Cablevision. *Id.* at 559. At least one motion to quash was filed by a Doe defendant before the date production was due, but

Cablevision nevertheless provided the information before the court could issue a ruling or set a briefing schedule. *Id.* at 561. Plaintiffs argued that the motions to quash were moot in light of Cablevision's compliance. The court rejected these arguments for two reasons: (i) at least one motion to quash was timely filed before Cablevision provided the data; and (ii) even though Cablevision produced the information, "plaintiffs can be ordered to return the information and prohibited from using it." *Id*; *accord Doe v. Individuals*, 561 F. Supp. 2d 249, 253 (D. Conn. 2008) ("Doe II argues that the motion to quash is moot because the information sought has already been turned over to the plaintiffs by AT&T. However, the Court rejects this argument because the plaintiffs can be ordered to return the information and be prohibited from using it.") (citing *Sony*, 326 F. Supp. 2d at 561); *John Wiley & Sons, Inc. v. Doe*, 284 F.R.D. 185, 188 (S.D.N.Y. 2012) ("I agree that Doe No. 9's motion is not moot merely because Cablevision has already responded to the subpoena, because Wiley 'can be ordered to return the information and prohibited from using it.'") (citing *Sony*, 326 F. Supp. 2d at 561).[6]

Here, as in *Sony*, CompStak lodged a timely motion challenging the propriety of the Order compelling production of identifying information before the deadline for such production. And, as in *Sony*, if the Court determines that CoStar's motion for expedited discovery should have been denied, it is not too late for the Court to order CoStar to destroy or return the information and prohibit CoStar from using such information in an amended complaint.

---

[6] In denying the motions to quash, the *Sony* court held that plaintiffs "made a concrete showing of a prima facie claim of copyright infringement." 326 F. Supp. 2d at 565. In contrast, for the reasons raised by CompStak's counsel at the April 11 hearing and addressed in CompStak's Motion for Reconsideration, CoStar has failed to do just that. CoStar has not adequately plead a copyright or breach of contract claim when the square footage information provided to CompStak more plausibly was obtained from a public source – and indeed CompStak has presented evidence that it did come from independent sources – and CoStar's counsel admitted that no copyrighted photos were provided to CompStak at all.

There are additional reasons why CompStak's motion is not moot. *First*, there is an open dispute as to whether CompStak has fully complied with the Discovery Order by providing the names, email addresses, and Comp IDs associated with the Doe Defendants. CoStar's counsel has asserted (and CompStak disputes) that the Order further requires CompStak to provide each Doe Defendant's User ID on the CompStak system. *See* Exhibit B (email from CoStar's counsel disagreeing that the User IDs are "additional requests" beyond the scope of the Discovery Order: "This is what the Order requires. The point was to match names to the particular alleged violations."). Since CoStar argues that CompStak has yet to fully comply with the Discovery Order, it follows that CompStak's challenge to the Order should still be decided.

*Second*, even if there were no dispute as to the scope of the Discovery Order, CompStak's Motion for Reconsideration should still be considered by the Court on its merits in order to prevent CoStar from engaging in similar abuses of the legal system in the future. Without a determination as to the propriety of CoStar's expedited discovery, CoStar could cite the April 11 Discovery Order as precedent for allowing it to obtain *ex parte* discovery of CompStak's users in countless other litigations, regardless of how meritless the underlying claims, and regardless of whether they are pursued in violation of the 2012 FTC Consent Order. As in the present matter, CompStak will also have little to no means of resisting or appealing such discovery orders. *See, e.g., United States v. Coppa*, 267 F.3d 132, 138 (2d Cir. 2001) ("Pretrial discovery orders in civil or criminal cases are generally not directly appealable prior to the entry of judgment.").

CompStak's motion papers show that CoStar wrongfully obtained the present Discovery Order because it failed to "inform the tribunal of all material facts ... that will enable the tribunal to make an informed decision, whether or not the facts are adverse," as it was required to do in

connection with an *ex parte* motion for expedited discovery.  *See Pearson*, 2012 WL 4832816, at *3 (internal marks and citations omitted).  It represented to the Court that the presence of "seeded" data on CompStak was a "smoking gun" which proved that the Doe Defendants copied data from CoStar, even though a mere Google search shows that this data is widely circulated by CRE professionals on the Internet.  *See* Mandel Decl. (Dkt. No. 13) ¶¶ 6-7, Exs. 1-2.  CoStar also failed to disclose the fact that its lawsuit is prohibited by an FTC Consent Order which is designed to prevent CoStar from engaging in the very same anticompetitive conduct that it is pursuing against CompStak in this case.  And finally, CoStar manufactured subject matter jurisdiction in this federal court by asserting copyright claims as to photographs that don't even appear on CompStak's database (and the copying of which is permitted by CoStar's Terms and Conditions and Terms of Use).  The Court should therefore weigh in upon the propriety of CoStar's conduct in order to prevent CoStar from engaging in similar heavy-handed and abusive litigation tactics in the future.

## **CONCLUSION**

For all of these reasons, CompStak respectfully submits that (i) it has standing to contest the propriety and scope of the April 11, 2014 Discovery Order, and (ii) the Court should consider CompStak's Motion for Reconsideration on the merits.

| | |
|---|---|
| Dated:  April 22, 2014 | Respectfully submitted, |
| | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| | By:   s/ Tonia Ouellette Klausner |
| | Tonia Ouellette Klausner<br>Jason B. Mollick<br>1301 Avenue of the Americas, 40th Floor<br>New York, New York 10019<br>Telephone:  (212) 497-7700<br>Facsimile:  (212) 999-5899<br>Email:  tklausner@wsgr.com<br>Email:  jmollick@wsgr.com |
| | *Counsel for CompStak, Inc.* |